IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN EBNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED RECOVERY SYSTEMS, LP., *et al.*,<br><br>Defendants. | Civil Action No. 14-cv-06881 |

**ORDER OF FINAL JUDGMENT**

Upon consideration of the Parties' request for final approval of the Settlement Agreement ("Agreement") between Plaintiff, Susan Ebner ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, United Recovery Systems, LP. ("URS"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class Members, and URS.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3): All persons located in one of the following states: (i) the Commonwealth of Pennsylvania, (ii) the State of New Jersey, (iii) the State of Delaware, or (iv) the U.S. Virgin Islands, according to their last known address in URS's records, from December 4, 2013 through May 22, 2015 (the "Class Period"), where said person received one or more letters from Defendant where the glassine window of the envelope displayed anything more than the name and address of the individual, as well as any other postal markings, including but not limited to barcodes, which otherwise contain no material, personal identifying information about said individual.

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Settlement Class members; (C) the Plaintiff's claims are typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Arkady "Eric" Rayz, of the law firm, Kalikhman & Rayz, LLC, 1051 County Line Road, Suite " A," Huntingdon Valley, PA 19006 and Gerald D. Wells, III, of the law firm, Connolly Wells & Gray, LLP, 2200 Renaissance Blvd., Suite 308, King of Prussia, PA 19406, are hereby appointed as Settlement Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members.

4. The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 177,255 Settlement Class Members by Angeion Group, the third-party settlement administrator. A total of 9,620 Settlement Class Members' notices were ultimately deemed undeliverable after Angeion had searched for forwarding addresses and performed skip traces. Fifteen Settlement Class Members timely requested exclusion, and no objections were filed or received.

5. On September 7, 2016, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited. Excluded from the Settlement Class are those persons, identified in Exhibit "A" hereto, who timely and validly requested exclusion. The untimely requests for exclusion, identified in Exhibit "B" hereto, are deemed part of the Settlement Class pursuant to the terms of the Settlement Agreement. All Settlement Class Members who submitted a claim form by the date of this Order shall be considered Participating Settlement Class Members.

6. The Court finds that provisions for notice to the class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by URS. Upon the Effective Date, as that term is defined in the Agreement, URS, or its insurer, shall make the following payments:

    a) Five hundred thousand dollars ($500,000.00) ("Settlement Fund") to be deposited with a settlement administrator to distribute *pro rata* among Settlement Class Members who did not exclude themselves and who returned a timely, valid claim form ("Participating Settlement Class Members"). Participating Settlement Class Members will receive a *pro rata* share of the Settlement Fund by check. Checks issued to the Participating Settlement Class Members will be void sixty (60) days from the date of issuance. If any portion of the Settlement Fund remains after the void date on the Participating Settlement Class Members' checks, these remaining funds will be distributed as set forth in Paragraph 10.

    b) One thousand dollars ($1,000.00) to Plaintiff as her individual statutory damage award.

    c) One hundred thousand dollars ($100,000.00) to be paid to Class Counsel for attorneys' fees and costs. Class Counsel will not request additional fees or costs from URS.

    d) Of the amount awarded to Class Counsel, three thousand five hundred dollars ($3,500.00) shall be payable to Plaintiff as a Case Contribution Award in recognition of her efforts in prosecuting these claims on behalf of the class. No other amounts, other than those either awarded by this Court or otherwise set forth in the Agreement shall be payable to Plaintiff.

    e) All costs incurred by the Settlement Administrator arising from or related to this Settlement.

8. This Court approves the individual and class releases set forth in the Parties' Agreement, and the released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this order.

9. The Court finds the Agreement is fair and made in good faith.

10. Within thirty (30) days following the last void date of the Settlement Class members' checks, the Parties shall make an application to the Court for an Order requiring any uncashed checks or undistributed funds to be paid to a *cy pres* recipient selected by the Court.

11. The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal *with prejudice* of the claims in this action.

12. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this order.

13. The Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this order.

14. The Parties are hereby ordered to comply with the terms of the Agreement and this order.

**IT IS SO ORDERED:**

/S/WENDY BEETLESTONE, J.

_____
WENDY BEETLESTONE, U.S.D.J.